NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RAFFAELE GRIECO, PETITIONER, v. C. R. DANIELS, INC., RESPONDENT.

Decided December 7, 1939.

For the petitioner, *Mario Turtur.*

For the respondent, *John Vincent Fiore.*

In the case *sub judice* petitioner alleges an accident on October 1st, 1938, when he was struck upon the head by a large roll of canvas weighing three hundred to four hundred pounds throwing him sideways and injuring his back and his head, causing permanent injury.

From the testimony adduced at the trial it was determined that in 1927 or thereabouts petitioner suffered an automobile accident due to a collision with a Public Service bus. He sustained injuries to his back and ribs, fracturing a number of the latter. Suit was brought in the Union County Circuit Court resulting in a jury verdict of $1,500 which was paid.

Petitioner was under treatment for a considerable time both in this country and in Italy. Subsequently he obtained employment with the Roll-O-Matic, Inc., and on November 14th, 1936, sustained another accident resulting in severe contusions and a sacroilliac sprain on the right side of the back. He was treated for this injury by one Dr. Benjamin Lubin and discharged January 19th, 1937. He estimated his permanent disability on March 22d, 1937, as seven and one-half per cent. of total.

Due to this respondent not being insured and there being some question as to their solvency, a receiver having been appointed, a default judgment was entered March 22d, 1937, awarding petitioner seven and one-half per cent. of total.

Respondent contends that at the time of the accident of October 1st, 1938, petitioner was still suffering from results of two accidents recited above. Petitioner alleges he had fully recovered from effects of same, and disability from which he now suffers is all chargeable to last occurrence.

Petitioner testified as to his condition after the first accident, his treatment both here and abroad, his return to work, his second accident, and alleges prior to October 1st he was in good physical condition, had no disability and had worked in a nursery and for the highway department chopping trees, lifting stumps and doing heavy laborous work.

He now claims he is suffering from headaches, dizziness, nervousness, insomnia and further states at intervals has spells.

Many lay witnesses were produced by petitioner to corroborate his testimony as to laborous work as well as present physical condition.

Dr. Ford, who examined petitioner January 7th, 1939, February 1st, 1939, and June 16th, 1939, qualified as a neurologist, diagnosed condition from a neurological standpoint as a concussion of the brain and a post traumatic neurosis. He estimated disability as thirty-five per cent. to forty per cent. of total.

Dr. H. Kleinberg, who treated petitioner for his head and back condition was of the opinion that petitioner suffered a

sprained back and concussion of the brain. He estimated disability due to this accident as fifty per cent. of total, holding that he had fully recovered from previous accidents.

Dr. Leo Szerlip, who examined petitioner orthopedically, and who had studied X-rays which he took, testified that in his opinion, based upon the hypothetical question, his examinations and X-ray study that petitioner had fully recovered from previous injuries, and disability he now found in back was all due to October 1st accident. He found tenderness and loss of flexion and estension. X-rays disclosed moderate arthritic changes. He estimated disability as thirty-five per cent. of total.

Respondent produced Dr. Clement, who examined petitioner orthopedically August 1st, 1939, and found slight muscle spasm, tenderness and estimated disability as twenty-five per cent. of total. In his opinion the condition he found was due to the series of accidents and not to any one.

Dr. Cucchinello, who examined petitioner December 20th, 1938, testified that in his opinion at that time the man could have returned to work and estimated his disability as twenty-five per cent. of total, five per cent. of which was due to accident in question. He was of the opinion that previous accidents had caused a permanent disability from which he had not recovered.

Dr. Blumberg, a recognized neurologist, examined petitioner January 6th, 1939. His various findings were negative. He diagnosed condition as a neurosis and estimated disability as five per cent. to seven per cent. of total.

I have carefully considered the testimony, both medical and lay, and have had an opportunity to observe petitioner in court on each trial day, and I have noted the demeanor of his lay witnesses, some of whom were prone to exaggerate.

Petitioner did have two previous accidents, both of which caused injury, the first one an injury of rather a serious nature. That is reflected by the extensive treatment he underwent for same. I am cognizant of the fact that any percentage of disability testified to as due to the first injury is mere conjecture. The second accident did definitely cause a

disability of seven and one-half per cent. of total from petitioner's own doctors' testimony.  *  *  *

Some consideration must be given to the previous back and rib injury. While perhaps same has become progressively better, still from the nature of same they did leave a residual defect.

Considering all the elements of the case, I am of the opinion that petitioner has suffered a permanent disability as the result of the accident of October 1st, 1938, and I am awarding compensation as follows:  Temporary disability—from October 1st, 1938, to March 1st, 1939, at $12 per week. Permanent disability—thirty per cent. of total or one hundred and fifty weeks at $12 per week.

*  *  *  *  *  *  *

JOHN C. WEGNER,
*Deputy Commissioner.*